1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                  FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   DAVID VELASQUEZ,
12                                              No. 2:06-cv-02618-JCW
13                      Petitioner,
14
15          vs.
16
17   ROBERT A. HOREL, Acting Warden, et al.,
18                                                  <u>ORDER</u>
19                      Respondents.
20
21

22          David Velasquez, a California state prisoner, petitions *pro se* for writ of

23   habeas corpus pursuant to 28 U.S.C. § 2254.  Velasquez challenges a decision by

24   the California Board of Parole Hearings denying him parole.  The United States

25   Court of Appeals for the Ninth Circuit is currently adjudicating an appeal,

26   *Hayward v. Marshall*, 512 F.3d 536 (9th Cir. 2008), *reh'g en banc granted*, 527

27   F.3d 797 (9th Cir. 2008), argued en banc and submitted for decision June 24,

28   2008, which may have an impact on how federal district courts review decisions

29   by the California Board of Parole Hearings.  Therefore, this court *sua sponte* stays

30   the proceedings pending resolution of *Hayward* by the *en banc* court.

1    A district court has the inherent power to stay cases to control its docket and

2    promote efficient use of judicial resources.  *See Landis v. N. Am. Co.*, 299 U.S.

3    248, 254-55 (1936); *Dependable Highway Express v. Navigators Ins. Co.*, 498

4    F.3d 1059, 1066 (9th Cir. 2007).  In determining whether a stay is appropriate

5    pending the resolution of another case, a district court must consider various

6    competing interests, including: (1) the possible damage which may result from the

7    granting of a stay; (2) the hardship to the parties if the suit is allowed to go

8    forward; and (3) the orderly course of justice measured in terms of the simplifying

9    or complicating of issues, proof, and questions of law which could be expected to

10   result from a stay.  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110-09 (9th Cir.

11   2005), *citing CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).  Additionally,

12   a district court must consider whether a stay pending resolution of another case is

13   likely to be resolved in a reasonable amount of time because of our duty to

14   adjudicate habeas petitions in a reasonable time frame.  *Yong v. INS*, 208 F.3d

15   1116, 1119-20 (9th Cir. 2000).

16   **1.     Damage**

17   The only potential damage resulting from a stay is to Velasquez, who may

18   have to wait longer for resolution of his petition.  However, prudence dictates that

19   the court await the Ninth Circuit's *en banc* decision in *Hayward* so that

2

1     Velasquez's claims need not be reconsidered in the wake of that appeal.

2     Reconsideration would also result in delay.  It is consequently not clear that a stay

3     pending *Hayward* will ultimately lengthen the pendency of Velasquez's petition.

4     The court finds that the possible damage to Velasquez is minimal.

5     **2.     Hardship**

6     Both parties face the prospect of hardship if the court were to resolve the

7     petition before *Hayward* is decided.  If *Hayward* affects the legal standard

8     applicable to federal habeas petitions challenging parole hearings in California,

9     then this proceeding, and possibly a subsequent parole hearing, may need to be

10     reconsidered and may result in duplicate hearings.  Therefore, the court finds that

11     both parties would be disadvantaged by permitting the petition to proceed at this

12     stage.

13     **3.     Orderly Course of Justice**

14     A stay pending resolution of *Hayward* will permit the court to consider

15     Velasquez's petition under the most current precedent and thereby will simplify

16     the proceedings and promote the efficient use of judicial resources.  It is in the

17     interest of justice to await the *en banc* decision in *Hayward* rather than proceed

18     and have to reconsider the case.  Therefore, a stay promotes the orderly course of

19     justice.

1    **4.      Temporal Limit**

2    "'The writ of habeas corpus, challenging illegality of detention, is reduced

3    to a sham if . . . trial courts do not act within a reasonable time.'  A long stay also

4    threatens to create the perception that courts are more concerned with efficient

5    trial management than with the vindication of constitutional rights."  *Yong*, 208

6    F.3d at 1120, *quoting Jones v. Shell*, 572 F.2d 1278, 1280 (8th Cir. 1978).  Here,

7    however, the stay is not indefinite and is related to the timing of the Ninth

8    Circuit's decision in *Hayward*, which the en banc court has already had under

9    consideration for over a year.  The length of the stay will not be unreasonable.

10          Therefore, it is ORDERED that this action be administratively stayed

11   pending the Ninth Circuit's decision in *Hayward v. Marshall*, 512 F.3d 536 (9th

12   Cir. 2008), *reh'g en banc granted*, 527 F.3d 797 (9th Cir. 2008).

13

14   Dated: July 27, 2009              _____/s/J. Clifford Wallace_____
15                                     HON. J. CLIFFORD WALLACE
16                                     UNITED STATES CIRCUIT JUDGE
17                                     Sitting by Designation
18